UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFF JUSTIN BARFIELD,

       Petitioner,

vs.

THOMAS WINN,

       Respondent.

_____/

Civil Action No. 16-CV-10594

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.**     **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to second-degree murder, assault with intent to do great bodily harm less than murder, and assault with a dangerous weapon in Wayne County Circuit Court. He was sentenced to a lengthy prison term in 2013. He raises claims concerning the voluntariness of his plea, the validity of his sentence, and the effectiveness of his attorney.

On March 1, 2016, the Court ordered petitioner to show cause why his petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. His response was due by March 31, 2016. As of the date of this opinion, petitioner has not responded to the Court's show cause order. Having further reviewed the matter, the Court concludes that this petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

**II.**     **Procedural History**

Petitioner tendered his plea and was sentenced in 2013. He subsequently filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Barfield*, No. 320179 (Mich. Ct. App. Apr. 10, 2014). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Barfield*, 497 Mich. 870, 853 N.W.2d 358 (Sept. 29, 2014). Petitioner's habeas petition is dated February 10, 2016.

## III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 sets a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute states, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

2

> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).  District courts may consider *sua sponte* the timeliness of habeas petition.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006).

In the present case, the Michigan Supreme Court denied petitioner leave to appeal on direct appeal on September 29, 2014.  Petitioner's convictions became final 90 days later, on December 28, 2014.  *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); S. Ct. R. 13(1).  Accordingly, petitioner was required to file his federal habeas petition by December 28, 2015, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not seek collateral review in the state courts.  He dated his federal habeas petition on February 10, 2016.  Under the prison mailbox rule, his petition is considered filed on that date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  The record thus indicates that petitioner filed his habeas petition 44 days after the one-year limitations period expired.  His petition is therefore untimely under 28 U.S.C. § 2244(d).

The Court has considered whether this untimeliness may be excused due to equitable tolling.  The Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner has the burden of

3

demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In the present case, petitioner makes no such showing. The fact that he is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002).

## IV.    Conclusion

For the reasons stated above, the Court concludes that the petition in this matter is untimely. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal from this decision could be taken in good faith.


_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2016
        Detroit, Michigan